NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

## CHESTER VAN HART, PETITIONER, v. BOULLEE-FRASER TANNING COMPANY, RESPONDENT.

1. That on or about April 2d, 1928, the petitioner was employed by the respondent at a weekly wage of $45 as a hide-splitter in and about its plant, and while so employed during that day in the morning, a considerable time before the lunch hour he was working on a hide-splitting machine, preparing it for use. While reaching for an adjusting wheel he bumped his arm, quite hard, on an adjusting screw, a

little below the elbow. He felt some pain at that spot, rubbed it and showed it to a fellow-workman, Edward Symes, and continued on with his work. The pain in the arm continued and the next day fingers two, three and four bent so that in a short time fingers three and four were completely bent and finger two partially bent. Petitioner continued to work, believing that the pain in the arm would subside in a short time, that the bruise received was an ordinary one and that nothing serious would result. The pain increased, however, and became so intense that on April 30th, 1928, the petitioner applied to the Alexian Brothers Hospital in Elizabeth for treatment. During the intervening period he had treated the arm himself in the belief that nothing serious would result from the bump. On April 14th, 1928, the petitioner was laid off by his employer. He attributes the reason for his being laid off to his being slow in his work, which was caused by the injury.

When the petitioner was treated at the Alexian Brothers Hospital, Dr. Altman probed the arm and treated it until July . ., at which time Dr. Funk came on duty, and a few days thereafter the latter operated on the arm, the petitioner undergoing anesthesia, the treatment by Dr. Funk continuing until October 6th, 1928. The petitioner went for treatment to the hospital and Dr Funk about seventy times. On October 10th, 1928, a physician representing the respondent began treating the wound in the arm, the treatment to continue until the arm is healed.

Notice was given the respondent of the accident on June 7th, 1928. The petitioner was unable to do any work from the time he was laid off, April 14th, 1928, to September 20th, 1928, at which time he procured a position with a lunch wagon, which he held for five days, and finding that he could not do his work because of the bent fingers he left the job and procured another as night watchman in Elizabeth, on September 27th, 1928, at a weekly wage of $30, working from six P. M. to six A. M., seven days a week.

The petitioner cannot do hide-splitting any more because he cannot work with his left hand, which is the one injured, and that the work requires the full use of both hands. Dr.

Funk, at the hearing, testified that in his opinion the petitioner suffered a fifty per cent. permanent loss of use of his hand and Dr. Ruoff, for the respondent, estimated the petitioner suffered a thirty-three and one-third per cent. permanent loss of use of his hand. The respondent had knowledge of the accident, the same arose out of and during the course of the employment of the petitioner with the respondent and neither intoxication nor drunkenness caused the accident, and the accident was not self-inflicted.

2. From the facts presented to me at the hearing I find that the petitioner sustained injury as set forth above, and that he is unable to work as he did before the accident, there being a permanent loss of use of fingers two, three and four of the left hand. The wound in the arm is still being treated, treatments requiring about one month until the wound will be healed.

3. I therefore find that the petitioner has sustained temporary disability for a period from June 7th, 1928, to September 20th, 1928, at which time the petitioner obtained employment. The reason for not giving the petitioner temporary disability compensation from April 2d, 1928, to June 7th, 1928, is because I find that the employer was prejudiced by not receiving notice of the accident before that time, during which time the employer might have given the petitioner medical treatment, and I further find that the petitioner has sustained permanent disability amounting to thirty per cent. of the hand, which award is also influenced by the claim of prejudice as above stated. The petitioner is entitled to receive fifteen weeks of compensation for temporary disability from June 7th, 1928, to September 20th, 1928, at the rate of $17 per week for forty-five weeks (thirty per cent. of one hundred and fifty weeks), for permanent disability at the rate of $17 per week. I further find that there has been paid to the petitioner eight weeks' compensation for temporary disability and that there is still due to the petitioner compensation for seven weeks' temporary disability.